**IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **No. 22-CR-645** |
| v. | ) | |
| | ) | **Judge Robert W. Gettleman** |
| **DEVON KALLIS** | ) | |

**DEFENDANT DEVON KALLIS' SENTENCING MEMORANDUM**

Defendant, DEVON KALLIS, by the Federal Defender Program and its attorney, MARY H. JUDGE, respectfully requests, pursuant to 18 U.S.C. §§3553(a) and 3553(a)(2)(D), that this Honorable Court impose a sentence of time-served, followed by a three-year term of supervised release that includes a period of twelve months curfew. Such a sentence is sufficient, but not greater than necessary, to comply with the purposes of sentencing enumerated in 18 U.S.C. §3553(a), especially considering Mr. Kallis' history and characteristics and the nature and circumstance of this offense. In support, Mr. Kallis provides the following:

**I.     ADVISORY GUIDELINE CALCULATION AND REQUESTED SENTENCE**

The parties and probation now agree that the 2018 Guideline Manual is applicable as it was the Manual in effect at the time of the offense (December 2020 – August 2021). Therefore, the guideline range is 30 to 37 months, based on a total offense level of 19 and a Criminal History Category I.

Importantly, Mr. Kallis is statutorily eligible for one to five years' probation because the offense is a Class C Felony. 18 U.S.C. § 3561(c)(1) (PSR at 21). As noted in the probation officer's sentencing recommendation, a sentence within the guideline is greater than necessary to achieve the goals of sentencing.

Given Mr. Kallis' youth at the time of the offense, his lack of criminal history, consistent familial support, and perhaps most importantly, his commitment to substance abuse and mental health treatment, the defense respectfully requests a sentence of one-day-time-served, followed by a period of three years supervised release: 12 months of which to be served on curfew. Such a sentence is sufficient, but not greater than necessary, to achieve the goals set forth in 18 U.S.C. §3553(a), especially the need for the sentence imposed to provide the necessary mental health care and treatment in the most effective manner. 18 U.S.C. § 3553(a)(2)(D).

Mr. Kallis understands, regrets, and takes responsibility for his criminal actions. He intends on going forward with adulthood as a law-abiding citizen who directly addresses his personal issues responsibly. Mr. Kallis has been fully engaged in addressing his struggles with substance abuse and mental health. He has maintained steady employment throughout this case, and is currently living with his family, who take his rehabilitation seriously. Over the last year, Mr. Kallis has been able to cultivate an environment that is rooted in accountability and positivity.

## II. BACKGROUND

Mr. Kallis is a Chicagoland native born on April 3, 1997, to his mother, Courtney Hickey. He never knew his father. Fortunately, at the age of two, Mr. Kallis' stepfather entered his life to act as his only fatherly-figure. He was raised alongside his three maternal siblings: Ethan Hickey, 21 years old; Shelby Hickey, 16 years old; and William Hickey, 16 years old. Mr. Kallis' mother and stepfather were always able to provide him and his siblings with consistent housing and necessities, but money was scarce. Sadly, Mr. Kallis struggled to maintain quality relationships with his mother and stepfather throughout his childhood. As the only child to be born to a different father in the household, Mr. Kallis was sometimes treated as an outcast, or the "redheaded stepchild." He felt that his half siblings received more love and affection, which negatively

impacted his mental health, for obvious reasons. As Mr. Kallis became older, however, he would spend more time with his parents and open up to them. Today, Mr. Kallis still enjoys his improved relationship with his parents, and he further maintains a strong relationship with each of his siblings.

Mr. Kallis makes no excuse for his involvement and affiliation with negative peers. He understands the severity of his own actions, and the role that he has played in perpetuating gun violence. Mr. Kallis sought acceptance wherever he could find it, and his immaturity led him to believe that the streets were a good source for that. He now understands that true friendship and support cannot be bred from disruption and chaos. Since being released on bond, he has severed ties with the negative influences in his life and is committed to instilling a sense of acceptance within himself.

Regardless of Mr. Kallis' troubled history, his family continues to stand by him. While his mother recognizes that his own actions have led to his involvement in this case, she intends to always be there for her son and notes that he has a good heart. Mr. Kallis' family are more than willing and ready to continue to support him through his sentence, and to hold him accountable for what he has done. They have done so consistently to date.

Mr. Kallis remains committed to his personal development, loved ones, and health. He lives with his parents and two youngest siblings and has maintained steady employment throughout this case. Since September of 2023, Mr. Kallis has worked in a warehouse in Markham, Illinois. Just as his family members have done, his employer continues to stand by him and believe in his ability to work. He further has been in a positive, loving relationship since 2022. Looking forward, Mr. Kallis has plans to continue his education and is working toward being certified as a heavy machine operator and forklift driver.

### III. MR. KALLIS' SUBSTANCE ABUSE AND MENTAL HEALTH CONSIDERATIONS

Mr. Kallis fully intends on leaving his extensive substance abuse history in the past, and he is already in the process of doing so. He began to drink alcohol and use marijuana at the age of 11. He also began to use cocaine and ecstasy at the age of 16. Rather than seeking treatment for his mental health, Mr. Kallis learned to self-medicate with drugs and alcohol from an early age.

As mentioned previously, Mr. Kallis began to experience depression because of the perceived mistreatment he experienced from his family. He was also diagnosed with attention deficit disorder (ADD) when he was a sophomore in high school. As his mental health worsened, and his dependency on drugs increased, he suffered from suicidal ideations. To his credit and despite these struggles, he timely graduated from high school. In part, with the help of a Marine Corp recruiter who took him under his wing. His family believed joining the Marines was just what he needed but unfortunately it became another source of failure. What Mr. Kallis needed was drug treatment and mental health treatment.

In May of 2023, Mr. Kallis underwent a mental health assessment through pretrial services, and was diagnosed with the following: major depressive disorder; post-traumatic stress disorder (PTSD); social anxiety disorder; severe cannabis use disorder; severe cocaine use disorder, early remission; and severe other hallucinogen use disorder. (PSR at 12). Mr. Kallis also submitted to a psychiatric evaluation and was diagnosed with the following: major depressive, without psychosis; PTSD; hallucinogen use disorder, severe; cocaine use disorder, severe; and cannabis use disorder, moderately severe. Imagine being that young and having all these untreated conditions and trying to get through life. It is amazing Mr. Kallis does not have a much worse criminal history. Given his tremendous progress since receiving medication and mental health

4

treatment, it is evident that he is not someone who wants to engage in criminal activity, he merely needed help but did not know what kind of help or where to get it. Although his family is loving, they are unsophisticated and were unable to provide guidance or direction to help him.

Shortly after receiving the above described diagnoses, Mr. Kallis began mental health treatment – which consists of weekly cognitive therapy and medication. He remains on that treatment regimen and plans to continue with it. Both Mr. Kallis and his mother have recognized the improvements that cognitive therapy has made in his life, as he now has an outlet to express his feelings and thoughts. More importantly, his cognitive therapy provider has also seen his progress. (PSR at 12).

Mr. Kallis has developed and executed a plan to directly address his mental health issues, while also remaining sober. He has done so on his own volition, and with the continued support and encouragement of his family and partner. Disrupting this plan by sentencing Mr. Kallis to a term of imprisonment would not only diminish the improvements that he has made in his health and relationships but would significantly impair his ability to recreate such a plan in the future. Consistency is key in mental health treatment. Although a term of imprisonment may (*minimally arguably*) address general deterrence, disrupting his mental health treatment success would be in clear conflict with the statutory need to provide treatment in the most effective manner. 18 U.S.C. § 3553(a)(2)(D).

## IV. CONDITIONS OF SUPERVISED RELEASE

Mr. Kalis seeks to strike "at work" from discretionary condition (16).

Mr. Kalis requests the addition of discretionary condition (19)(a)(iii) curfew.

V.   CONCLUSION

For all the reasons stated herein, Mr. Kallis respectfully requests a sentence of one-day-time-served; three years' supervised release, the first of which is to be served on curfew.

                Respectfully submitted,

                FEDERAL DEFENDER PROGRAM
                John F. Murphy,
                Executive Director

                By:  */s/ Mary H. Judge*
                    Mary H. Judge
                    *Counsel for Devon Kallis*

                    */s/ Kyla Villa Eaton*
                    Kyla Villa Eaton
                    FDP Intern, J.D. Candidate – UIC Law '25

FEDERAL DEFENDER PROGRAM
55 E. Monroe St., Suite 2800
Chicago, Illinois 60603
(312) 621-8336

## CERTIFICATE OF SERVICE

  The undersigned, <u>Mary H. Judge</u>, an attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CRIM. P. 49, FED. R. CIV. P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

**<u>DEFENDANT DEVON KALLIS' SENTENCING MEMORANDUM</u>**

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on <u>April 12, 2024</u>, to counsel/parties that are non-ECF filers.

       By: */s/ Mary H. Judge*
          MARY H. JUDGE
          FEDERAL DEFENDER PROGRAM
          55 E. Monroe St., Suite 2800
          Chicago, Illinois 60603
          (312) 621-8336